CHRISTINE BYRD v. LOWELL BYRD

5-3946                                    407 S. W. 2d 731

Opinion delivered November 7, 1966

*J. B. Milham,* for appellant.

No brief filed for appellee.

GUY AMSLER, Justice. This controversy is a sequel to prior unconsummated matrimonial litigation between the parties. Appellant (wife) and appellee (husband)

were married in 1941. They have four children. The oldest (Edward) was married and not living with his parents at the time final decree was entered on January 31, 1966. Arlene was 17 in September of 1966. Frances is 14 (she is a cripple confined to a wheel chair) and the youngest son will be 11 in February of 1967.

In 1963 appellant was permanently injured as a result of falling from a wheel chair. She and appellee received damages in the sum of $37,000.00 as a result of the incident. After payment of hospital bills, medical expense and attorney's fees the remainder was used for making the down payment on a house in Bryant, Arkansas, buying furniture, constructing an additional room to the house, buying two automobiles, a boat, trailer and outboard motor.

The marital relation between the parties gradually deteriorated subsequent to 1963 and on September 25, 1965, appellee filed suit against appellant seeking a divorce, custody of the children and possession of the house with all furniture and household goods.

Appellant counterclaimed and prayed for separate maintenance, custody of the children, possession of the house with its furniture and that appellee be required to "carry proper" medical insurance on her.

On September 30, 1965, appellant (defendant below) was awarded custody of Frances (the crippled daughter) and appellee was directed to pay $175.00 monthly into the court registry for the benefit of appellant and Frances. On November 2, 1965, appellant entered the Arkansas Baptist Hospital for treatment of a hip injury she received in a fall. She remained there for several weeks. On the 3rd of December, appellant still being in the hospital, the court placed Frances in temporary custody of appellee and ordered support and alimony payments for the little girl and appellant discontinued pending a change in conditions and further orders of the court.

In January of 1966 the chancellor decreed that appellee should have a divorce; should have custody of the three minor children (Arlene, Frances and Phillip) with reasonable visitation privileges to appellant; that he should have possession of the home and furnishings (he to make the monthly payments due thereon) until the youngest child reached his majority (about 11 years); that $50.00 per month should be deposited in the court registry for the use of appellant "until such time as she may remarry" and that he should pay appellant's attorney $100.00. Division of property held by the entireties was postponed until the youngest child attains majority. This appeal ensued.

Appellee is a foreman for ALCOA with an income of over $6,000.00 annually. Appellant is a hopeless cripple who will be able to do nothing but light housekeeping in the future. It is our conclusion that the alimony awarded appellant is wholly inadequate and it is hereby increased to $150.00 per month.

The proof in this case amply supports the granting of a divorce to appellee. It was in evidence that the children perform most of the housekeeping work and that there is ill-feeling between appellant and the older daughter. In fact they are barely on speaking terms while appellee and the children live harmoniously.

It would serve no useful purpose for us to relate in detail all the unfortunate circumstances on which the chancellor based his decree. Our feeling is that, under present conditions, his conclusions were in the best interest of the parties concerned and especially the minor children. We are not unmindful of the fact that the trial court has continuing jurisdiction for making any future adjustments that may be proven to be advisable.

The attorney for appellant is allowed an additional fee of $150.00, to be paid by appellee, for his services to date. Appellee is to pay all costs.

As modified the decree is affirmed.